UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDGAR MIGUEL QUINTANILLA,

Petitioner,

v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT FIELD OFFICE
DIRECTOR,

Respondents.

Case No. C26-041-RSM

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS UNDER
28 U.S.C. § 2241

This matter comes before the Court on Petitioner Edgar Miguel Quintanilla's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Dkt. #3.

Petitioner, a native citizen of El Salvador, entered the United States without inspection on or about September 1, 2016, was immediately detained by United States Border Patrol, and issued a Notice to Appear.  Due to being a minor, Petitioner was transferred to the Office of Refugee Resettlement ("ORR") for housing and placement.

After an arrest in Georgia on February 24, 2017, Petitioner was returned to ORR custody in Portland, Oregon, on April 24, 2017.  He filed an application for status with the United States Citizenship and Immigration Services on May 3, 2017, which remains pending.  On May 5, 2017, Petitioner ran away from the ORR facility, then was arrested for disorderly conduct in Portland, Oregon, on March 21, 2018.  Petitioner was detained by Immigration and Customs Enforcement

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §
2241  - 1

("ICE") on April 12, 2018, but ICE released him on an Order of Recognizance.

On April 21, 2021, Petitioner was convicted of criminal trespassing and sentenced to 30 days in jail. On August 8, 2023, he was arrested for driving under the influence and reckless driving. On May 9, 2025, Petitioner was cited for driving without an interlock device, license, registration, and insurance and for speeding.

On February 6, 2025, ICE required Petitioner to wear a GPS ankle monitor. Petitioner's OREC was revoked on October 9, 2025, and he was transferred to Northwest ICE Processing Center in Tacoma, Washington. On November 11, 2025, Petitioner had a bond hearing, where the immigration judge denied bond based on lack of jurisdiction, finding that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). Dkt. #8, Ex. C. The immigration judge ruled that, in the alternative, if mandatory detention did not apply, Petitioner's bond request would be denied due to Petitioner being "an extreme flight risk." *Id*.

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Here, the record reflects two bases for Petitioner's detention: (1) mandatory detention under 8 U.S.C. § 1225(b), and (2) flight risk. Dkt. #8, Ex. C. "[A]s to my flight risk," Petitioner states, "it never factually pertain[ed] to me since I complied as best I could given the circumstances." Dkt. #12 at 2.

"Courts in this District have consistently held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an IJ [immigration judge] finds a separate basis for their detention and that basis is unchallenged." *Singh v. Noem*, 2026 WL 482389, at *3 (W.D. Wash. Feb. 20, 2026) (compiling cases). In cases where petitions were initially re-detained and denied bond based on mandatory detention, courts have granted petitioners the

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

benefit of the alternative bond determination, including release after satisfying the bond alternatively set by an immigration judge. *See*, *e.g.*, *id*.; *Corrales Castillo v. Wamsley*, 2025 WL 3204370, at *2 (W.D. Wash. Nov. 17, 2025); *Valadez Hernandez v. Hermosillo*, 2026 WL 174198, at *2 (W.D. Wash. Jan. 22, 2026). Thus, "even assuming a legal error occurred at the outset of Petitioner's detention, the IJ's subsequent bond denial supplies a lawful basis for his detention unless and until Petitioner demonstrates separate legal error invalidating that decision." *Id*.

Petitioner has not raised a separate legal challenge against the immigration judge's alternative decision to deny bond. See gen. Dkts. #3, #12. Petitioner may disagree with that decision, but "this Court does not have jurisdiction to sit as an appellate body over this [factual] issue." *Valenzuela v. Semaia*, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025). Any "erroneous factual determinations and evidentiary errors" by the immigration judge are reviewable by the Board of Immigration Appeals, and Petitioner has filed an appeal. *Martinez v. Scott*, 2025 WL 2689844, at *5 (W.D. Wash. Aug. 27, 2025). Accordingly, the Court concludes that Petitioner has failed to demonstrate that his detention is unlawful by a preponderance of the evidence, therefor he is not entitled to habeas relief.

Having considered the instant Petition, the relevant briefing, and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's habeas petition is DENIED.

DATED this 5th day of March, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241  - 3